7. In this petition, you may challenge the judgment entered by only one court.
    If you want to challenge a judgment entered by a different court (either in
    the same state or in different states), you must file a separate petition.

8. When you have completed the form, send the original and two copies to the
    Clerk of the United States District Court at this address:

> Clerk, United States District Court for _____
> Address
> City, State Zip Code

9. CAUTION: You must include in this petition all the grounds for relief from
    the conviction or sentence that you challenge. And you must state the facts
    that support each ground. If you fail to set forth all the grounds in this
    petition, you may be barred from presenting additional grounds at a later
    date.

10. CAPITAL CASES: If you are under a sentence of death, you are entitled to
    the assistance of counsel and should request the appointment of counsel.

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court Boston | District Eastern Massachusetts |
|---|---|
| Name (under which you were convicted): John J. Blodgett | Docket or Case No: Suffolk, ss # 7584CR90504-510 |
| Place of Confinement: Old Colony Corr. Center, Bridgewater, MA | Prisoner No.: W 36184 |
| Petitioner (include the name under having which you were convicted) John J. Blodgett Pro se | Respondent (authorized person custody of petitioner) v. Erin Gaffney, superintendent |
| The Attorney General of the State of Massachusetts | |

USCSRULE                                    2

© 2013 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

PETITION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

_Suffolk Superior Ct.       Boston, MA  02108_

   (b) Criminal docket or case number (if you know):
   _7584CR90504-510_

2. (a) Date of judgment of conviction (if you know):
   _June 27, 1977_

   (b) Date of sentencing:
   _June 27, 1977_

3. Length of sentence:
   _Life w/o parole_

4. In this case, were you convicted on more than one count or of more than one crime?  Yes [✓]   No [ ]

5. Identify all crimes of which you were convicted and sentenced in this case:

_attempted murder, armed robbery, kidnap_

6. (a) What was your plea? (Check one)
       (1)  Not guilty [✓]          (3)  Nolo contendere (no contest) [ ]
       (2)  Guilty [ ]              (4)  Insanity plea [ ]

   (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead not guilty to?

   _N/A_

   (c) If you went to trial, what kind of trial did you have? (Check one)
       Jury [✓]          Judge only [ ]

USCSRULE                                3

© 2013 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?
   Yes [M]    No [ ]

8. Did you appeal from the judgment of conviction?
   Yes [M]    No [ ]

9. If you did appeal, answer the following:

   (a) Name of court: Massachusetts Supreme Judicial Court

   (b) Docket or case number (if you know): 377 Mass 494 (1979)

   (c) Result: Affirmed

   (d) Date of result (if you know): 377 Mass 494 (1979)

   (e) Citation to the case (if you know):

   (f) Grounds raised:

   Trial court erred in preventing him from using his alibi witness

   (g) Did you seek further review by a higher state court?  Yes [ ]  No [ ]
   SJC is already highest court

       If yes, answer the following:

       (1) Name of court: N/A

       (2) Docket or case number (if you know): N/A

       (3) Result: N/A

       (4) Date of result (if you know): N/A

       (5) Citation to the case (if you know): N/A

**USCSRULE**                                    4

© 2013 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

(6) Grounds raised:

_N/A_

(h) Did you file a petition for certiorari in the United States Supreme Court?  Yes [ ]  No [✓]

If yes, answer the following:

(1) Docket or case number (if you know):

_N/A_

(2) Result:

_N/A_

(3) Date of result (if you know):

_N/A_

(4) Citation to the case (if you know):

_N/A_

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?  Yes [✓]  No [ ]

11. If your answer to Question 10 was "Yes," give the following information:

(a)(1) Name of court: _Suffolk Co. Superior Court_

(2) Docket or case number (if you know):
_7584CR 90504-510_

(3) Date of filing (if you know):
_denied  Aug. 6, 1982_

(4) Nature of proceeding:
_motion for new trial_

(5) Grounds raised:
_* Improper ID by surviving victim (show up identification)_
_* Ineffective counsel failure to object to show up ID_
_* Improper denial of counsel)_

© 2013 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

(6) Did you receive a hearing where evidence was given on your petition,
    application, or motion?  Yes [ ]  No [✓]

(7) Result:  Denied

(8) Date of result (if you know):  Aug. 6, 1982

(b) If you filed any second petition, application or motion give the same
    information:

(1) Name of court:  Suffolk Superior Ct.

(2) Docket or case number (if you know):  7584CR 90504-510

(3) Date of filing (if you know):  denied July 3, 1986

(4) Nature of proceeding:  motion for new trial

(5) Grounds raised:
* error to court: refusing to permit counsel to elicit Blodgett's criminal record
* consecutive sentence for kidnap violates double jeopardy
* New evidence the D.A. intimidated alibi witness

(6) Did you receive a hearing where evidence was given on your petition,
    application, or motion?  Yes [ ] No [✓]

(7) Result:  Denied

(8) Date of result (if you know):  July 3, 1986

(c) If you filed any third petition, application, or motion, give the same
    information:

USCSRULE                        6

© 2013 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

(1) Name of court: _Suffolk Superior Ct_

(2) Docket or case number (if you know):
_7584CR90509-510_

(3) Date of filing (if you know):
_denied March 1990_

(4) Nature of proceeding:
_motion for new trial_

(5) Grounds raised:
* lack of instruction intoxication * improper instruction felony murder
* burden shifting instruction malice * defective instruction on flight from prosecution
* defective instruct on honest but mistaken ID * error in allowing overly
suggestive photo array testimony * Improper remarks in summation
* ineffective assistance of counsel

(6) Did you receive a hearing where evidence was given on your petition,
application, or motion?  Yes [✓]  No [ ]

(7) Result: _Denied_

(8) Date of result (if you know):
_March 1990_

(d) Did you appeal to the highest state court having jurisdiction over the
action taken on your petition, application, or motion?

(1) First petition:    Yes [✓]  No [ ]    There were five
(2) Second petition:   Yes [✓]  No [ ]    previous motions/petitions;
(3) Third petition:    Yes [✓]  No [ ]    this being the 6th

(e) If you did not appeal to the highest state court having jurisdiction,
explain why you did not:

_N/A      Only the SJC had jurisdiction
on a first degree murder case._

12. For this petition, state every ground on which you claim that you are being

USCSRULE                           7

© 2013 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the
restrictions and terms and conditions of the Matthew Bender Master Agreement.

held in violation of the Constitution, laws, or treaties of the United
States. Attach additional pages if you have more than four grounds.
State
the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first
exhaust
(use up) your available state-court remedies on each ground on which
you
request action by the federal court. Also, if you fail to set forth all
the
grounds in this petition, you may be barred from presenting additional
grounds at a later date.

GROUND ONE: The prosecutro concealed exculpatory evidence and suborned
perjury in violation of Brady v Maryland.

(a) Supporting facts (Do not argue or cite law. Just state the specific
facts
that support your claim.): Prosecution witness Robert Moses first identified 3 photos of
someone other than petitioner as the co-venturer. The D.A.,
the prosecution witness Moses, and detective Childers all
collaborated to conceal this fact — lying on the witness
stand.



(b) If you did not exhaust your state remedies on Ground One, explain why:

— I raised this issue to the Massachusetts ⊘ Supreme Judicial
— Court

(c) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this
issue?  Yes [ ]   No [✗]

(2) If you did not raise this issue in your direct appeal, explain why:

I've never had a grasp of law. I trusted attorneys and
later jailhouse lawyers to study, compose my pleadings.

(d) Post-Conviction Proceedings: Yes on my 6th motion for new trial
I appealed it to the single justice of the SJC.

USCSRULE                                    8

© 2013 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the
restrictions and terms and conditions of the Matthew Bender Master Agreement.

(1) Did you raise this issue through a post-conviction motion or petition
for habeas corpus in a state trial court?  Yes [✓]  No [ ]

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: *motion for new trial rule 30    rule 25(b)(a)*

Name and location of the court where the motion or petition was filed:

*Suffolk Co. Superior Ct.    Boston*

Docket or case number (if you know):

*7584CR90504-510*

Date of the court's decision:

*April 13, 2017*

Result (attach a copy of the court's opinion or order, if available):

*Denied*

(3) Did you receive a hearing on your motion or petition?  Yes [ ]  No ✓ [ ]

(4) Did you appeal from the denial of your motion or petition?
Yes [✓]  No [ ]

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue
in the appeal?  Yes [✓]  No [ ]

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

*Massachusetts Supreme Judicial Court for Suffolk County (Single Justice)*

Docket or case number (if you know):

*SJ-2017-0278*

Date of the court's decision:

*Aug. 21, 2017*

Result (attach a copy of the court's opinion or order, if available):

*SJC gatekeeper petition denied*

(7) If your answer to Question (d)(4) or Question (d)(5) is "No,"

USCSRULE                                    9

© 2013 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

explain
   why you did not raise this issue:

N/A

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: I motioned for reconsideration of the August 21, 2017 denial which was denied

GROUND TWO: Petitioner was improperly convicted as joint venturer on his dead co-defendant's already abated indictment

(a) Supporting facts (Do not argue or cite law. Just state the specific facts
that support your claim.): Co-defendant suicided over a year before petitioner went to trial. So petitioner was convicted as his joint venturer on abated indictment. Trial judge ruled petitioner had no standing to object on dead co-defendant's behalf. Dead co-defendant was the unprotected backdoor thru which petitioner was convicted as joint venturer.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

N/A

(c) Direct Appeal of Ground Two:

   (1) If you appealed from the judgment of conviction, did you raise this issue? Yes [✓]  No [ ]

   (2) If you did not raise this issue in your direct appeal, explain why: I raised this issue only on collateral review because this issue has NEVER been addressed in any court on record.

USCSRULE                                    10

© 2013 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition
for habeas corpus in a state trial court?  Yes [√]  No [ ]

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:
_____ motion for new trial rule 30 rule 25(b)(2)

Name and location of the court where the motion or petition was filed:
_____ Suffolk Co. Superior Court        Boston

Docket or case number (if you know):
_____ 7584CR90504-510

Date of the court's decision:
_____ April 13, 2017

Result (attach a copy of the court's opinion or order, if available):

_____ Denied

(3) Did you receive a hearing on your motion or petition?  Yes [ ]  No √
[ ]

(4) Did you appeal from the denial of your motion or petition?
Yes [√]  No [ ]

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue
in the appeal?  Yes [√]  No [ ]

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____ Massachusetts Supreme Judicial Court Suffolk County Single Justice

Docket or case number (if you know):
_____ SJ-2017-0278

Date of the court's decision:
_____ August 21, 2017

Result (attach a copy of the court's opinion or order, if available):
_____ gatekeeper petition denied

USCSRULE                              11

© 2013 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain
    why you did not raise this issue:

_____
_____ N|A _____
_____
_____

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two:
_____
I motioned the Single Justice of SJC for reconsideration
___

GROUND THREE:
_____
_____
___

(a) Supporting facts (Do not argue or cite law. Just state the specific facts
that support your claim.):
_____
_____
_____
_____
_____
_____
_____
_____

(b) If you did not exhaust your state remedies on Ground Three, explain why:
_____
_____
_____
_____

(c) Direct Appeal of Ground Three:

    (1) If you appealed from the judgment of conviction, did you raise this
        issue?  Yes [ ]  No [ ]

USCSRULE                            12

© 2013 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

(2) If you did not raise this issue in your direct appeal, explain why:

_____

_____

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition
for habeas corpus in a state trial court?  Yes [ ]  No [ ]

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:
_____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know):
_____

Date of the court's decision:
_____

Result (attach a copy of the court's opinion or order, if available):
____

_____

(3) Did you receive a hearing on your motion or petition?  Yes [ ]  No
[ ]

(4) Did you appeal from the denial of your motion or petition?
Yes [ ]  No [ ].

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue
in the appeal?  Yes [ ]  No [ ]

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know):
_____

Date of the court's decision:

USCSRULE                         13

© 2013 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Result (attach a copy of the court's opinion or order, if available):

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain
why you did not raise this issue:

_____

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

_____

GROUND FOUR:

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts
that support your claim.):

_____

(b) If you did not exhaust your state remedies on Ground Three, explain why:

_____

**USCSRULE**                              14

© 2013 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

(c) Direct Appeal of Ground Four:

(1) If you appealed from the judgment of conviction, did you raise this issue? Yes [ ] No [ ]

(2) If you did not raise this issue in your direct appeal, explain why:

_____

_____

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? Yes [ ] No [ ]

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:
_____

Name and location of the court where the motion or petition was filed:
_____

Docket or case number (if you know):
_____

Date of the court's decision:
_____

Result (attach a copy of the court's opinion or order, if available):
____
_____

(3) Did you receive a hearing on your motion or petition? Yes [ ] No [ ]

(4) Did you appeal from the denial of your motion or petition? Yes [ ] No [ ]

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? Yes [ ] No [ ]

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
_____

USCSRULE                           15

© 2013 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Docket or case number (if you know):

_____

Date of the court's decision:

_____

Result (attach a copy of the court's opinion or order, if available):

___

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain
     why you did not raise this issue:

_____

_____

_____

_____

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

_____

_____

___

13. Please answer these additional questions about the petition you are filing:

     (a) Have all grounds for relief that you have raised in this petition been
         presented to the highest state court having jurisdiction?
         Yes [✓]   No [ ]

         If your answer is "No," state which grounds have not been so presented
         and give your reason(s) for not presenting them:

_____

_____ N/A _____ equitable tolling does not apply
to Massachusetts Courts _____

     (b) Is there any ground in this petition that has not been presented in
         some state or federal court? If so, which ground or grounds have not
         been presented, and state your reasons for not presenting them:

___

_____ No. _____

© 2013 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

14. Have you previously filed any type of petition, application, or motion in

a federal court regarding the conviction that you challenge in this petition? Yes [✓]  No [✓]

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's

decision, and the result for each petition, application, or motion filed.

Attach a copy of any court opinion or order, if available.

I have a vague recollection of a petition a jailhouse lawyer drafted for me filed between 1990 and 1999. I have no records. I do not know what issues. My recollection is it was dismissed w/o prejudice. I asked the clerk twice for a copy — no answer.

15. Do you have any petition or appeal now pending (filed and not decided yet)

in any court, either state or federal, for the judgment you are challenging? Yes [ ]  No [✓]

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

*If a later search uncovers the ghost petition purportedly filed between 1990 and 1999 I will have to file motion for successive petition in First Circuit Court of Appeals.

16. Give the name and address, if you know, of each attorney who represented

you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:

(b) At arraignment and plea:

USCSRULE                                    17

© 2013 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

(c) At trial: Joseph Balliro

(d) At sentencing: Joseph Balliro

(e) On appeal: William P. Homans Jr.

(f) In any post-conviction proceeding:

B. Tamb

(g) On appeal from any ruling against you in a post-conviction proceeding:

17. Do you have any future sentence to serve after you complete the sentence
   for the judgment that you are challenging?  Yes [ ]  No [✓]

(a) If so, give name and location of court that imposed the other sentence
   you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges
   the judgment or sentence to be served in the future?  Yes [ ]  No [ ]

18. TIMELINESS OF PETITION: If your judgment of conviction became final over
   one year ago, you must explain why the one-year statute of limitations as
   contained in 28 U.S.C. § 2244(d) does not bar your petition.*

USCSRULE                                        18 ·

© 2013 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

28 § 2244(d)(1)(D) "... one yr. period of limitation shall run from the latest of -- "the date on which the factual predicate of the claims presented could have been discovered through the exercise of due diligence".

Therefore, petitioner asks that the Court grant the following relief:

(1) release from custody, (2) order new trial

or any other relief to which petitioner may be entitled.

_____    Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on __12/11/17__(month, date, year).

Executed (signed) on __12/11/17____(date).

_____    Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

USCSRULE                    19

© 2013 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.